IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| LUKE WARNER, | ) | Criminal No. 14-00688 HG-01 |
| --- | --- | --- |
| | ) | Civil No. 18-00054 HG-KJM |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DIRECTING THE GOVERNMENT TO INFORM THE COURT BY MONDAY, APRIL 30, 2018, IF IT SEEKS AN EVIDENTIARY HEARING OR ELECTS NOT TO OPPOSE PETITIONER LUKE WARNER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF NO. 83)**

On February 1, 2018, Petitioner Luke Warner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 83). Petitioner challenges his sentence, stating his attorney provided ineffective assistance of counsel by failing to file a notice of appeal. Petitioner also makes numerous other arguments challenging his sentence.

The Court directs the Government to inform the Court on or before **Monday, April 30, 2018,** if (1) it seeks an evidentiary hearing, or (2) it elects not to oppose Petitioner Warner's Section 2255 Petition and instead agrees to allow him to proceed on appeal.

**PROCEDURAL HISTORY**

On July 17, 2014, the Government filed an Information, charging Petitioner Luke Warner with one count of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). (ECF No. 1).

On July 24, 2017, Petitioner Warner waived Indictment (ECF No. 10) and Consented to a Rule 11 Plea in a Felony Case Before a United States Magistrate Judge. (ECF No. 11). Petitioner pled guilty to the one count in the Information pursuant to a Memorandum of Plea Agreement. (ECF Nos. 8, 12).

On August 11, 2014, the District Court issued an ACCEPTANCE OF PLEA OF GUILTY, ADJUDICATION OF GUILT AND NOTICE OF SENTENCING. (ECF No. 17).

On March 12, 2015, the Court held a sentencing hearing. Petitioner was sentenced to 120 months imprisonment and ten years of supervised release. (ECF No. 27). Mittimus was stayed until May 26, 2015. (Id. at p. 3; Judgment at p. 2, ECF No. 31).

On March 23, 2015, the Magistrate Judge issued a STIPULATION TO ALLOW TRAVEL AND ORDER. (ECF No. 30).

On April 3, 2015, Judgment was entered. (ECF No. 31).

On April 16, 2015, the Magistrate Judge issued an Amended Stipulation and Order Allowing Defendant To Travel. (ECF No. 34).

On April 24, 2015, a Petition For Action and a No Bail Warrant were issued. (ECF Nos. 35, 36).

On May 26, 2015, Petitioner Warner failed to report to the Bureau of Prisons to being serving his sentence.

Nearly a year later, on April 17, 2016, Petitioner was arrested in the Southern District of Florida pursuant to the No Bail Warrant. (ECF Nos. 39, 47).

On June 14, 2016, an Order To Show Cause Why Pretrial Release Should Not Be Revoked hearing was held. (ECF No. 48). Defendant was found to have violated the terms of pretrial release and to have failed to report on May 26, 2015 to begin serving his sentence of 120 months. Defendant was remanded to the custody of the U.S. Marshal Service. (Id.)

On December 27, 2016 and January 19, 2017, Petitioner filed various Motions although he was represented by counsel. (ECF Nos. 52, 55, 56).

On February 16, 2017, the Magistrate Judge issued a Findings and Recommendation to deny Petitioner's Motions. (ECF No. 60).

On March 7, 2017, the Findings and Recommendation was adopted as the final decision by the District Court. (ECF No. 61).

On March 13, 2017, April 10, 2017, and May 12, 2017, Petitioner Warner again filed various Motions and documents while he was represented by counsel. The Motions were stricken. (ECF

Nos. 62, 63, 64, 66, 71, 72, 73, 77, 78, 79).

On February 1, 2018, Petitioner, no longer represented by counsel, filed a MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY. (ECF No. 83). He also filed a Motion for Medical Evaluation (ECF No. 83-5) and a Supplemental Addendum (ECF No. 89).

Also on February 1, 2018, Petitioner filed an Application to Proceed In Forma Pauperis (ECF No. 84) and a Motion for Appointment of Counsel (ECF No. 85).

On February 7, 2018, the Magistrate Judge issued an ORDER (1) DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER AND (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 87).

On March 13, 2018, Petitioner filed MOTION TO REINSTATE DEFENDANT PETITIONER'S JANUARY 20, 2018, MOTION TO APPOINT COUNSEL AND REQUEST FOR LEAVE FOR NEW COUNSEL TO PREPARE A REVIEW AND SUPPLEMENT FOR PETITIONER'S POST CONVICTION REMEDIES OR A MOTION FOR A CERTIFICATE OF APPEALABILITY FOR SAID MOTION WHICH THIS COURT DENIED WITHOUT PREJUDICE ON FEBRUARY 7, 2018, OR THIS AS A NEW SAME SAID MOTION. (ECF No. 90).

On March 28, 2018, the Court issued a Minute Order denying Petitioner's March 13, 2018 Motion (ECF No. 90) and Motion for Medical Evaluation (ECF Nos. 83-5, 89). (Minute Order, ECF No. 91).

4

**STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2255, provides federal prisoners with a right of action to challenge a sentence if:

(1) the sentence was imposed in violation of the Constitution or laws of the United States;

(2) the court was without jurisdiction to impose such a sentence;

(3) the sentence was in excess of the maximum authorized by law;

(4) or the sentence is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

A prisoner may file a petition ("Section 2255 Petition") to vacate, set aside, or correct a sentence. 28 U.S.C. § 2255. A district court need not hold an evidentiary hearing to assess the worthiness of a Section 2255 Petition if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. 28 U.S.C. § 2255(b). An evidentiary hearing is not required if a prisoner's allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003) (quoting United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984)) (internal quotations omitted).

A Section 2255 Petition filed pro se by a prisoner is

liberally construed to afford the prisoner the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (quoting Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985)) (internal quotations omitted).

## **ANALYSIS**

### I. Matters to Consider if Petitioner Appeals

Petitioner is proceeding pro se and filed his Section 2255 Petition without the advice of counsel. The Section 2255 Petition alleges a number of grounds seeking to challenge Petitioner's sentence. Petitioner Warner, however, entered into a MEMORANDUM OF PLEA AGREEMENT, dated July 24, 2014. (ECF No. 12). In the Plea Agreement, Petitioner Warner waived all appeal rights, except for appeals relating to the portion of his sentence that is greater than specified in the applicable Sentencing Guidelines range. (Memorandum of Plea Agreement at p. 7, ECF No. 12)). The Plea Agreement also permitted a collateral attack relating to ineffective assistance of counsel. (Id. at ¶ 13a).

Should Petitioner Warner appeal in violation of the Plea Agreement, he may be found to have breached the Plea Agreement. See Gutierrez v. United States, 2006 WL 2850336, at *4 (D. Ariz. Oct. 2, 2006).

A material breach can free the United States from its Plea

6

Agreement obligations, which in turn exposes Petitioner to the risk of facing additional charges. United States v. Cimino, 381 F.3d 124, 128 (2d Cir. 2004) (holding that "when a defendant breaches his plea agreement, the Government has the option to either seek specific performance of the agreement or treat it as unenforceable"). Given the possibility that an appeal may lead to adverse consequences for Petitioner, the Court cautions Petitioner to consider, with care, his intended course of action.

**II. Petitioner's Ineffective Assistance of Counsel Claim**

A prisoner who alleges ineffective assistance of counsel in a Section 2255 Petition must satisfy the two-part test of ineffective assistance set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984).

First, the petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution. Id.

Second, the petitioner must show that the counsel's deficient performance was prejudicial. This requires showing that counsel's errors were so serious as to deprive the prisoner of a fair trial or fair representation. Id.

Here, construing Petitioner Warner's Section 2255 Petition

7

liberally, he claims his attorneys provided ineffective assistance of counsel. Specifically, Petitioner Warner states that "MY ATTORNEYS FAILED TO APPEAL." (Section 2255 Petition at p. 3, ECF No. 83).

In situations where a petitioner alleges that his attorney failed to follow his request to appeal the judgment issued by the District Court, the Ninth Circuit Court of Appeals distills the holding in <u>Strickland</u> into a bright-line rule: a defendant who establishes that he told his lawyer to appeal *and* his lawyer refused or failed to appeal, is entitled to relief. <u>United States v. Sandoval-Lopez</u>, 409 F.3d 1193, 1197 (9th Cir. 2005).

Such a showing meets both prongs of the <u>Strickland</u> test because the act of filing a notice of appeal is a purely ministerial task that cannot be considered a strategic decision, and the defendant suffered prejudice because he lost his chance to file the appeal. <u>Sandoval-Lopez</u>, 409 F.3d at 1197; see <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000); <u>Thorward v. Knowles</u>, 220 Fed. Appx. 728, 729 (9th Cir. 2007) (observing that "this court has held that prejudice necessarily arises when a lawyer disregards an express instruction to file an appeal").

The record establishes that a direct appeal of Petitioner Warner's sentence was not filed. The District Court is unable to evaluate the credibility of Petitioner Warner's claim that he instructed his attorney to file an appeal without an evidentiary

8

hearing.  At this junction, the District Court has two options, pursuant to the Ninth Circuit Court of Appeals' decision in Sandoval-Lopez, 409 F.3d 1193.  The District Court may either (1) hold an evidentiary hearing, or (2) if the Government does not object, the District Court may assume without deciding that Petitioner requested an appeal that was not made, and the District Court may vacate and reenter the judgment to allow Petitioner's appeal to proceed.  Id. at 1198.

The Court directs the Government to inform the District Court on or before **Monday, April 30, 2018,** if it:

(1)  seeks an evidentiary hearing as to what occurred with respect to the filing of a notice of appeal; or,

(2)  elects not to oppose the Section 2255 Petition and instead agrees to an appeal.


## **CONCLUSION**


The Court directs the Government to inform the Court on or before **Monday, April 30, 2018,** if (1) it seeks an evidentiary hearing, or (2) it elects not to oppose Petitioner Warner's Section 2255 Petition and instead agrees to allow him to proceed on appeal.

//

//

9

Pending the response of the Government, the Court reserves its ruling on Petitioner Warner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 83).

IT IS SO ORDERED.

DATED: March 28, 2018, Honolulu, Hawaii.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

Luke Warner v. United States of America; Cr. No. 14-00688 HG-01; Cv. No. 18-00054 HG-KJM; **ORDER DIRECTING THE GOVERNMENT TO INFORM THE COURT BY MONDAY, APRIL 30, 2018, IF IT SEEKS AN EVIDENTIARY HEARING OR ELECTS NOT TO OPPOSE PETITIONER LUKE WARNER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF NO. 83)**