IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 14-00688 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LUKE WARNER, also known as | ) | |
| LUCKY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE
FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 131)**

Defendant Warner is currently incarcerated at the Federal
Medical Center Devens in Massachusetts with a projected release
date of September 29, 2024.

Defendant has filed a Motion seeking immediate release
pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A).
Defendant seeks release due to the COVID-19 pandemic.

The Court elects to decide the matter without a hearing
pursuant to District of Hawaii Local Rule 7.1(c).

Defendant's MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP
ACT (COMPASSIONATE RELEASE) (ECF No. 131) is **DENIED**.

**STANDARD OF REVIEW**

A judgment of conviction that includes a sentence of
imprisonment constitutes a final judgment and may not be modified
by a district court except in limited circumstances.  <u>Dillon v.</u>

1

<u>United States</u>, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018. PL 115-391, December 21, 2018, 132 Stat. 5194. The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A).

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)   extraordinary and compelling reasons warrant such a reduction;
>
> ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## SECTION 3582(c)(1)(A) AS AMENDED BY THE FIRST STEP ACT

### A.   Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP").  18 U.S.C. § 3582(c)(1)(A); <u>United States v. Raia</u>, 954 F.3d 594, 597 (3d Cir. 2020).

The Parties agree that Defendant Warner has complied with the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) and that the Court may consider the motion for compassionate release.

### B.   Merits Of Defendant's Request For Compassionate Release

If a defendant has complied with the mandatory procedural requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District Court may reduce a term of imprisonment, including the grant of compassionate release, upon finding "extraordinary and compelling reasons" consistent with applicable policy statements of the Sentencing Commission.

The Sentencing Commission's policy statement is provided in United States Sentencing Guidelines § 1B1.13:

> [T]he court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A)    Extraordinary and compelling reasons

3

warrant the reduction; or

    (B)    The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

    (2)    The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

    (3)    The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

If Defendant is not 70 years of age and was not sentenced pursuant to 18 U.S.C. § 3559(c), Defendant is only entitled to relief if he demonstrates:

    (1)  extraordinary and compelling reasons warrant a sentence reduction;

    (2)  he is not a danger to the safety of others or the community; and,

    (3)  any requested reduction is consistent with the policy statement.

<u>United States v. Gill</u>, 2020 WL 2084810, *2 (E.D. Cal. Apr. 30, 2020).

## C.   Extraordinary And Compelling Reasons

The Sentencing Commission's Commentary Application Notes for Guideline § 1B1.13 provides the definition of "extraordinary and compelling reasons."  The Court agrees with the majority of the district courts in the Ninth Circuit that have concluded that

4

Section 1B1.13 and its definition of "extraordinary and compelling reasons" applies to motions for compassionate release even though the sentencing guideline was not separately amended following the passage of the First Step Act.  See Riley v. United States, 2020 WL 1819838, *8 (W.D. Wash. Apr. 10, 2020) (collecting cases); United States v. Shields, 2019 WL 2359231, *4 (N.D. Cal. June 4, 2019).

Sentencing Guideline Section 1B1.13's Commentary Application Notes explain that extraordinary and compelling reasons exist when:

    (A) **Medical Condition of the Defendant.**–

        (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        (ii) The defendant is—

            (I) suffering from a serious physical or medical condition,

            (II) suffering from a serious functional or cognitive impairment, or

            (III) experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) **Age of the Defendant.**–The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration

in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.**–
  (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Court has the discretion to determine whether other extraordinary and compelling reasons exist, as stated in paragraph (D), when ruling on motions for compassionate release. United States v. Brooker, 976 F.3d 228, 237, 2020 WL 5739712, *7 (2d Cir. Sept. 25, 2020); United States v. Hernandez, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020).

## PROCEDURAL HISTORY

**DEFENDANT'S INFORMATION, PLEA, AND SENTENCING**

On July 17, 2014, the Government filed an Information charging Defendant Luke Warner, as follows:

**Count 1:**  From a time unknown, but at least by on or about November 28, 2012 up through and including on or about February 4, 2013, in the District of Hawaii and elsewhere, defendant Luke Warner, a/k/a "Lucky,"

> knowingly and intentionally conspired with others, known and unknown, to possess with intent to distribute 500 grams or more of Methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A).

(Information, ECF No. 1).

On July 24, 2014, Defendant Warner pled guilty, pursuant to a plea agreement, to the one Count in the Information. (ECF Nos. 8, 9, 10, 11, 12, 17).

On March 12, 2015, the Court held a sentencing hearing. (ECF No. 27). The Defendant is in Criminal History Category VI. (Presentence Report at ¶¶ 82-83, ECF No. 26). The Court found Defendant to be a career offender because he had two prior felony convictions for crimes of violence. (Id. at ¶ 82). Defendant's sentencing guideline range for the instant offense was 262 to 327 months imprisonment. (Id. at p. 48).

Defendant Warner was granted a downward departure and was sentenced to 120 months imprisonment. (ECF No. 31).

At sentencing, Defendant Warner was granted the ability to self-surrender to the prison facility designated by the Bureau of Prisons. (ECF No. 27). Defendant's mittimus date was stayed until May 26, 2015. (Id.)

**DEFENDANT BECAME A FUGITIVE FOR 12 MONTHS**

On March 23, 2015, Defendant requested that his pretrial conditions be amended to allow him to travel from Hawaii, on March 25, 2015, and return to Hawaii on April 15, 2015. (ECF No.

29).  Defendant Warner requested the travel to allow him to visit
family members in California, to take his mother to her home in
Massachusetts, and then return to Hawaii on April 15, 2015.
(Id.)

The Magistrate Judge granted Defendant Warner's request to
travel.  (ECF No. 30).

On April 15, 2015, Defendant requested an extension of time
to allow him to return to Hawaii on April 19, 2015.  (ECF No.
33).  The request was granted by the Magistrate Judge.  (ECF No.
34).

Defendant Warner failed to return to Hawaii and became a
fugitive.

On April 24, 2015, Pretrial Services filed a Petition for
Action on Conditions of Pretrial Release due to Defendant's non-
compliance with pretrial conditions.  (ECF No. 35).  A no-bail
warrant was issued.  (ECF No. 36).

Defendant Warner remained a fugitive for one year.  (ECF No.
39).

On April 17, 2016, United States Immigration and Customs
Enforcement Officials arrested Defendant in the Southern District
of Florida on a charge of Importation of Cocaine.  (Id.)

Following a petition filed by the District of Hawaii,
Defendant waived removal proceedings and was transported to the
District of Hawaii.  (Id.).

On June 14, 2016, in the District Court for the District of

Hawaii, a hearing was held on his fugitive status and Defendant Warner was remanded to serve his 120-month term of imprisonment in a facility designated by the Bureau of Prisons. (ECF No. 48).

**DEFENDANT'S SECTION 2255 HABEAS PETITION**

On February 1, 2018, Defendant filed a Motion pursuant to 28 U.S.C. § 2255. (ECF No. 83). Defendant claimed he received ineffective assistance of counsel regarding his ability to timely file an appeal. (Id.).

The Government did not oppose the Motion. (ECF No. 97).

On April 18, 2018, the Court reentered judgment to allow Defendant the opportunity to file a timely appeal. (ECF Nos. 99, 100).

On May 4, 2018, Defendant filed a Notice of Appeal with the United States Court of Appeals for the Ninth Circuit. (ECF No. 106).

**DEFENDANT'S APPEAL TO THE NINTH CIRCUIT COURT OF APPEALS**

On March 6, 2020, the United States Court of Appeals for the Ninth Circuit issued its Memorandum Opinion. (ECF No. 118). The appellate court affirmed the Defendant's conviction and sentence of imprisonment. (Id.) The appellate court granted appointed counsel's motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). The appellate court found that changes in law required the District Court to alter the language of three of

9

his standard conditions of supervised release in his Judgment. (ECF No. 118 at p. 2).

On March 17 and 31, 2020, Defendant Warner filed Motions for rehearing, for appointment of counsel, and for a rehearing of his case before a different panel of judges from the Ninth Circuit Court of Appeals.

On May 15, 2020, the Ninth Circuit Court of Appeals issued an Order denying all of Defendant's Motions.  (ECF No. 126).

On May 26, 2020, the Ninth Circuit Court of Appeals issued the Mandate for its March 6, 2020 Order relevant to the conditions of supervised release.  (ECF No. 127).

On July 9, 2020, this District Court issued an Amended Judgment, updating the language in three of the standard conditions of supervised release as instructed by the Ninth Circuit Court of Appeals.  (ECF No. 137).

**DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

On March 24, 2020, Defendant Warner filed in this District Court his MOTION FOR COMPASSIONATE RELEASE IN LIGHT OF THE 2018 FIRST STEP ACT PURSUANT TO 18 U.S.C. § 3582(c)(1)(A).  (ECF No. 119).

On March 25, 2020, the District Court issued a briefing schedule.  (ECF No. 120).

On April 13, 2020, Defendant Warner filed with the District Court a MOTION TO APPOINT COUNSEL FOR THE COMPASSIONATE RELEASE

MOTION AND REMANDED SENTENCE MATTERS.  (ECF No. 121).

On April 14, 2020, the Government filed UNITED STATES'
OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER
THE FIRST STEP ACT.  (ECF No. 122).

On April 21, 2020, Defendant filed SUPPLEMENT TO MOTION FOR
COMPASSIONATE RELEASE.  (ECF No. 123).

On May 4, 2020, Defendant filed a Reply to his Motion for
Compassionate Release.  (ECF No. 124).

On May 29, 2020, Defendant filed a Supplement to his Motion
for Compassionate Release.  (ECF No. 128).

On June 4, 2020, the Federal Public Defender's Office sent
the Court a letter indicating that it had agreed to represent
Defendant for the limited purpose of seeking compassionate
release.  (ECF No. 129).  The Court appointed the Federal Public
Defender's Office to assist Defendant in seeking compassionate
release.  (Id.)  The Federal Public Defender's Office requested
the opportunity to provide additional briefing to the Court,
which was granted.  (ECF No. 130).

On June 17, 2020, Defendant, with the assistance of counsel,
filed a Supplemental Motion for Compassionate Release.  (ECF No.
131).

On June 29, 2020, the Government filed its Opposition.  (ECF
No. 135).

On July 8, 2020, Defendant requested the ability to file a
Reply Brief, which was granted.  (ECF No. 136).

On July 22, 2020, Defendant filed his Reply.  (ECF No. 138).

On August 19, 2020, Defendant sought leave to file additional evidence, which was granted.  (ECF Nos. 144, 145).

On September 8, 2020, Defendant again sought leave to file additional evidence, which was granted.  (ECF Nos. 146, 147).

On September 28, 2020, Defendant filed Supplemental Information to his Motion.  (ECF No. 148).

On October 13, 2020, the Government filed its Response. (ECF No. 150).

The Court denies Defendant's request for a hearing and elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## ANALYSIS

Defendant Warner is 53 years old.  Defendant is currently incarcerated at the Federal Medical Center Devens in Massachusetts.  Defendant bears the burden to demonstrate that extraordinary and compelling reasons exist that warrant immediate release from incarceration.  United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020).

A defendant's general concerns about potential exposure to COVID-19 while incarcerated do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. United States v. Eberhart, 448 F.Supp.3d 1086, 1089-90 (N.D. Cal. Mar. 25, 2020); United States v. Carver,    F.Supp.3d    , 2020

WL 1892340, *3 (E.D. Wash. Apr. 8, 2020).

The Centers for Disease Control ("CDC") has identified certain categories of individuals that are at a higher risk for severe illness due to COVID-19.  The list includes people with conditions such as: chronic lung disease, moderate or serious asthma, serious heart conditions, obesity, chronic kidney disease requiring dialysis, liver disease, diabetes, or individuals who are immunocompromised.  See United States v. Jones, Crim. No. 13-00860 LEK-03, 2020 WL 2331678, *5 (D. Haw. May 11, 2020).

## I.   Medical Condition

### A.   Current Centers For Disease Control Standards And Defendant's Medical Concerns

Defendant is 53 years old.  He alleges that he is immunocompromised because he suffers from HIV/AIDS and has a history of cancer.  Defendant specifically points to his CD4 cell count in his medical records.  The CD4 count is a test that measures white blood cells to fight infection, and Defendant asserts that his CD4 cell count results indicate that he is immunocompromised.  (Supplemental Motion at pp. 3-4, ECF No. 131).

The Centers for Disease Control ("CDC") has explained that, as of November 12, 2020, people with certain underlying medical conditions might be at an increased risk for severe illness from COVID-19, including those in an immunocompromised state from HIV. (CDC Coronavirus Disease 2019 (COVID-19) Website, available at

http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/p
eople-with-medical-conditions.html?CDC AA refVal=https%3A%2F%2Fww
w.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgr
oups-at-higher-risk.html, last visited 11/19/20).

### B.   Medical Conclusion

Defendant is 53 years old.  The CDC recognizes that the risk
of developing severe illness from COVID-19 increases with age.
Those 65 years of age or older are at increased risk and those 85
years and older at the greatest risk.  (https://www.cdc
.gov/coronavirus2019-ncov/need-extra-precautions/older-
adults.html, last visited 11/19/20).  Defendant's age does not
place him in a category that would constitute an extraordinary
and compelling reason for compassionate release.

Defendant's Bureau of Prisons ("BOP") medical records
reflect that Defendant was diagnosed as HIV-positive in 1993 and
has been taking medications such that he currently has an
undetectable viral load.  (Def.'s BOP Medical Records, attached
as Ex. A to his Supplemental Motion at pp. 2-4, ECF No. 134).

Defendant's most recent medical records indicate that he is
"fit/muscular" and "[a]ppears well" with no cardiovascular or
pulmonary issues.  (Id. at p. 7).  Defendant's HIV/AIDS condition
is being managed well by medications such that he has complete
suppression of viral load.  (Id. at p. 8).

Defendant is currently housed at the Federal Medical Center

Devens in Massachusetts, and he is housed with the general population of the institution.  (BOP Progress Report, attached as Ex. E to Def.'s Motion, ECF No. 119-6).  The Federal Medical Center Devens is designated as one of the few BOP facilities that is equipped to provide the highest level of medical care to inmates in the system, which includes primary and inpatient treatment facilities.

Defendant is able to provide self-care in his daily living at the Federal Medical Center Devens and does not require any assist devices.  (<u>Id.</u>)  Defendant has maintained numerous work assignments throughout his term of imprisonment including Laundry Orderly, Food Service Worker, and Visiting Room Orderly.  (<u>Id.</u>) He has consistently earned "Good" work evaluations and there are no signs that his health has interfered.  (<u>Id.</u>)

Defendant has been able to represent himself in numerous proceedings while incarcerated at the Federal Medical Center Devens.  Defendant successfully filed a Section 2255 Habeas Petition.  Defendant Warner filed an appeal to the Ninth Circuit Court of Appeals and was able to file numerous motions before the panel.  Defendant filed his initial Motion for Compassionate Release without the assistance of counsel and has since provided updated records and supplemental motions to the Court through counsel.  There is no evidence that Defendant's medical issues have interfered from his ability to provide self care and to advocate for his own interests.

Defendant has received extensive medical care while incarcerated at the Federal Medical Center Devens.  On January 21, 2020, Defendant was examined by a physician.  (Def.'s BOP Medical Records, attached as Ex. A to his Supplemental Motion at pp. 2-4, ECF No. 134).  The physician found that Defendant's CD4 cell count was low and requested that a dermatologist specialist address a lesion on Defendant's arm.  (Id.)  Defendant requested a referral to an oncologist due to his own research on the internet.  The examining physician stated, "The issue is that the patient is aggressive, demanding and belligerent, he told me he would only go to the best hospital possible and if not he would make sure everyone knows I am not doing my job.  A behavior like that only ca[u]ses problems and I explained that to him, especially info from the internet w/o having the basic knowledge [is] not clinically useful."  (Id. at p. 3).

On March 5, 2020, a dermatologist reviewed the lesion and determined that there was nothing else that needed to be done. (Id. at p. 5).  Defendant was instructed to continue to take his antiretroviral and atovaquone medications regularly to treat his HIV/AIDS condition.  (Id.)  The record found there were no other complaints.  (Id.)

Defendant has not shown that his BOP Medical Center facility is unable to adequately manage or treat his medical conditions. Defendant is housed at a designated Medical Center to provide the highest level of medical care in the Bureau of Prisons system.

16

Although Defendant suffers from a chronic disease, Defendant is receiving medication and ongoing treatment to address his medical issues.  Chronic conditions that can be managed in prisons are not a sufficient basis for compassionate release.  United States v. Kazanowski, Crim. No. 15-00459 DKW-05, 2020 WL 3578310, *9 (D. Haw. July 1, 2020) (citing U.S.S.G. § 1B1.13 cmt. n.1(A)); United States v. Weidenhamer, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019).

## II.  Section 3553(a) Factors And Defendant's History and Characteristics

### A.    History and Characteristics

In order to be eligible for compassionate release, Defendant must establish release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that he is not a danger to the safety of others or the community.  18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.

The Presentence Report, in the case this Court sentenced Defendant Warner for, indicated he participated in a drug conspiracy to distribute large quantities of high purity crystal methamphetamine in Hawaii.  (Presentence Report at ¶¶ 11-23, ECF No. 26).  A search of Defendant's residence and storage locker

17

recovered 1,639.7 grams of highly pure methamphetamine, drug paraphernalia, and several firearms including a Smith and Wesson revolver, a Sig Sauer handgun, a Hi-Standard revolver, a Ruger revolver, ammunition, and a holster.  (Id. at ¶ 20).  A co-conspirator sold Defendant at least three pounds of methamphetamine for distribution over the several months of the conspiracy.  (Id. at ¶ 31).

Following his guilty plea, Defendant was sentenced on March 12, 2015.  Defendant was 47 years old at the time of his sentencing and is currently 53 years old.  Defendant was found to be a career offender because of his extensive criminal history and his two prior convictions for crimes of violence.  (Id. at ¶ 39).  Due to his career offender status, Defendant was in Criminal History Category VI at the time of sentencing, the highest possible category.  (Id. at ¶ 83).

Defendant's Presentence Investigation Report reflects a long history of involvement with the criminal justice system and in drug trafficking.  Defendant has convictions from multiple states for which he received multiple terms of incarceration.  Defendant also has history of failing to comply with Court orders.

Defendant's criminal history includes convictions for:

(1)   Connecticut: Sale of Hallucinogen/Narcotic;

(2)   Rhode Island: Possession Of A Stolen Vehicle;

(3)   Massachusetts: Knowingly Receiving Stolen Property, multiple Larceny, Forgery, Possession Of Burglarious Tools, Malicious Destruction Of Property, Breaking And Entering In Daytime, Breaking And Entering A Night With

18

>           Intent To Commit A Felony, Trespassing, Possession Of
>           Cocaine, Operating A Motor Vehicle To Endanger Safety;
>           Unarmed Robbery; Possession of Class B Drug;

(4)   New Jersey: Possession Of Drug Paraphernalia;

(5)   New Hampshire: Shoplifting;

(6)   California: Selling Cocaine and Possession of Drug
      Paraphernalia;

(7)   Hawaii: Multiple Theft, Burglary in the Second Degree,
      and Promoting a Dangerous Drug and Drug Paraphernalia.

(Presentence Report at ¶¶ 45-80, ECF No. 26).

Defendant has numerous other arrests and various charges spanning the country from Massachusetts to Hawaii. (Id. at pp. 25-32).

At sentencing for the conviction for which Defendant is currently incarcerated, Defendant's sentencing guidelines were 262 to 327 months.  (Id. at ¶ 163).  The Court granted a downward departure, and Defendant was sentenced significantly below the recommended guidelines to a 120-month sentence.

At his March 12, 2015 sentencing, Defendant was ordered to self-surrender to serve his term of imprisonment on May 26, 2015. (ECF No. 27).  Defendant was permitted to travel to the mainland, but Defendant absconded and did not return to Hawaii.

Defendant remained a fugitive for nearly a year.  Defendant was arrested in Florida on April 17, 2016, on a charge of Importing Cocaine.  (Southern District of Florida Records, ECF No. 39).  Defendant was returned to Hawaii and he began serving his 120-month sentence.  (Minutes from June 14, 2016 hearing, ECF

No. 48).

## B.   Portion Of Sentence Served

A review of the caselaw demonstrates that the portion of the sentence already served by the defendant is a necessary factor for the Court to consider in evaluating compassionate release. United States v. Connell,    F.Supp.3d.    , 2020 WL 2315858, at *6 (N.D. Cal. May 8, 2020).  The amount of time served of his originally imposed sentence must be considered pursuant to Section 3553(a) to ensure that the amount of time adequately reflects the seriousness of the offense, deters criminal conduct, and protects the public.  United States v. Barber, 466 F.Supp.3d 1127, *5 n.9 (D. Ore. 2020).

Defendant received a 120-month sentence.  His projected release date is September 29, 2024.

## C.   Appropriateness of Immediate Release

The Court finds that the nature and circumstances of Defendant's offense weigh in favor of his 120-month sentence. Defendant participated in a conspiracy to distribute large quantities of methamphetamine in Hawaii.  Defendant's conspiracy lasted over several months.  Defendant was held responsible for three pounds of methamphetamine.

Defendant's history and characteristics do not favor a reduced sentence.  Defendant has a serious, lengthy criminal

20

history.   Defendant was found to be a career offender having been convicted of two prior felony crimes of violence, placing him in the highest criminal history category VI at the time of his sentencing.   Defendant's history spans decades and includes convictions from various states across the country.   Defendant has multiple convictions including Burglary, Robbery, and distribution of drugs.   He poses a danger to the safety of others and the community.

Defendant has more than three years remaining on his sentence.   The factors in Section 3553(a) do not support the immediate release of the Defendant.

## III.  Summary Of Medical Conclusion And Section 3553(a) Factors

Defendant has not established a basis for compassionate release based on his medical issues.   Although the Defendant does suffer from a serious condition, the record does not demonstrate that he is suffering from a terminal health condition or a condition that substantially interferes his ability to provide self-care while incarcerated.   Defendant has been able to manage his condition while incarcerated.   The record demonstrates that Defendant has received and continues to receive appropriate medical care by the Bureau of Prisons.

Defendant poses a danger to the safety of others and the community.   Defendant has a serious criminal history and is in Category VI.   He also has a history of failing to comply with

21

court orders.  Defendant has not established that his immediate
release is warranted pursuant to the Section 3553(a) factors.

### CONCLUSION

Defendant's Motion To Reduce Sentence Under The First Step
Act (ECF No. 131) is **DENIED**.

IT IS SO ORDERED.

Dated:, November 20, 2020, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Luke Warner, also known as Lucky, Crim. No. 14-
00688 HG-01; **ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE
UNDER THE FIRST STEP ACT (ECF No. 131)**