IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 14-00688 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LUKE WARNER aka "Lucky", | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER DENYING DEFENDANT LUKE WARNER'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 131)**

**AND**

**DENYING DEFENDANT'S SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE ON REMAND (ECF No. 170)**

**I.   REMAND FROM THE NINTH CIRCUIT COURT OF APPEALS OF THE DISTRICT COURT'S NOVEMBER 20, 2020 ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

**A.   The District Court's November 20, 2020 Order Denying Defendant's Motion for Compassionate Release**

On June 17, 2020, Defendant Warner filed a Motion for Compassionate Release with the assistance of counsel.  (ECF No. 131).

On November 20, 2020, the District Court issued an:

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 152).

In the November 20, 2020 Order denying Defendant's June 17, 2020 Motion for Compassionate Release, the District Court determined that Defendant Warner failed to demonstrate

1

"extraordinary and compelling reasons" to warrant a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  (Order at pp. 14-17, ECF No. 152).  The District Court cited to the definition of "extraordinary and compelling reasons" set forth in the United States Sentencing Guidelines § 1B1.13 for guidance in evaluating Defendant's Motion.  (<u>Id.</u> at pp. 4-6).  The District Court reviewed Defendant Warner's medical records and determined that although he had some medical issues, the Bureau of Prisons Medical Center where he was housed was able to manage his conditions and there were no extraordinary and compelling reasons that would support Defendant's immediate release.  (<u>Id.</u> at pp. 14-17).

The District Court also found that a reduction in Defendant Warner's sentence was not warranted pursuant to the sentencing factors set forth in 18 U.S.C. § 3553(a).  (<u>Id.</u> at pp. 17-22).  The District Court explained that Defendant Warner was a career offender with an extensive criminal history placing him in Criminal History Category VI.  (<u>Id.</u> at p. 18).  The District Court concluded that Defendant's history and characteristics that included numerous felony convictions and convictions for crimes of violence did not support Defendant Warner's immediate release and denied his Motion for Compassionate Release.  (<u>Id.</u> at pp. 20-22).

2

B.    Ninth Circuit Court of Appeals' Remand

On December 21, 2020, Defendant filed a Notice of Appeal of the District Court's Order to the United States Court of Appeals for the Ninth Circuit.  (ECF No. 156).

On June 30, 2021, the Ninth Circuit Court of Appeals issued an Order stating that "the district court may have treated U.S.S.G. § 1B1.13 as binding" and remanded proceedings for the District Court to "reassess Warner's motion for compassionate release under the standard set forth" in United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021), which was issued after the Court ruled on Defendant Warner's initial Motion.  (Ninth Circuit Order, ECF No. 169).  The appellate court also allowed Defendant Warner to submit additional medical evidence in support of his motion on remand.  (Id.)

In Aruda, the Ninth Circuit Court of Appeals ruled that the text of Section 3582(c)(1)(A) governing motions for compassionate release only requires courts to consider "applicable" policy statements of the Sentencing Commission in ruling on such motions.  Aruda, 993 F.3d at 801.  The appellate court concluded that Section 1B1.13 of the United States Sentencing Guidelines is not an "applicable" policy statement for motions for compassionate release because it governs the Bureau of Prisons and not the courts.  Id.  The Ninth Circuit Court of Appeals ruled that Section 1B1.13 is not binding on a court in determining whether extraordinary and compelling reasons exist to

3

reduce a defendant's sentence. Id. at 802. The appellate court explained that although the text of Section 1B1.13 is not binding, the Sentencing Commission's statements in 1B1.13 may be used to inform a district court's discretion in evaluating motions for compassionate release. Id. (citing United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020)).

On remand, this Court applies the holding in Aruda in that the policy statement in U.S.S.G. § 1B1.13 is merely advisory rather than mandatory in the context of motions for compassionate release. See United States v. Wills,    F.Supp.3d   , 2021 WL 2179256, *3 (D. Or. 2021).

## II.   DEFENDANT'S MOTIONS ON REMAND IN SUPPORT OF HIS REQUEST FOR COMPASSIONATE RELEASE

On July 12, 2021, Defendant Warner filed a Motion entitled:

PETITIONER'S MOTIONS TO REASSERT, REINSTATE, UPDATE, NOTIFY, RECUSE & FOR HEARING, PURSUANT TO THE 06-30-2021 USCA9 MEMORANDUM THAT VACATES & REMANDS FOR RECONSIDERATION OF MOTION FOR RIS.

(ECF No. 170).

The Court construes the filing as a request for permission to file new information relevant to his Motion for Compassionate Release, a request for recusal of the judge, and that a hearing be held on the Motion for Compassionate Release.

The Court has entered orders ruling on Defendant Warner's request for recusal, request for a hearing, and his numerous other motions in ECF Nos. 168, 171, 180, 181, 184, and 194.

This Order addresses Defendant's Motion for Compassionate Release and his filings relevant to his request for a reduction in sentence.

On July 29, 2021, the Mandate from the Ninth Circuit Court of Appeals was issued on the Remand for Defendant's Motion for Compassionate Release.  (ECF No. 176).

On September 14, 2021, the Court issued a Minute Order setting a briefing schedule on Defendant's Motion for Compassionate Release on Remand.  (ECF No. 184).

This Court has considered Defendant's five supplemental pleadings filed in support of his Motion on Remand.  (November 8, November 15, and December 1 and 9, 2021, ECF Nos. 195-99).

On December 10, 2021, the Government filed its Opposition. (ECF Nos. 200, 203).

The Court has reviewed all the materials submitted by Defendant Warner, including his medical records, his previous Motions, and his current filings.

## A.    Defendant Warner's Medical Condition

Defendant is 54 years old and is incarcerated at Butner Medium I Federal Correctional Institution.  His tentative release date is September 29, 2024.

Defendant bears the burden to demonstrate an extraordinary and compelling reason that warrants immediate release from incarceration.  United States v. Crisp, 2021 WL 3663534, *4

(E.D. Cal. Aug. 18, 2021); United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020).

The Centers for Disease Control ("CDC") has explained that people with certain underlying medical conditions might be at an increased risk for severe illness from COVID-19, including those in an immunocompromised state from HIV. (CDC Coronavirus Disease 2019 (COVID-19) Website, available at http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, last visited 12/21/21).

Defendant's Bureau of Prisons ("BOP") medical records reflect that Defendant was diagnosed as HIV-positive in 1993 and has been taking medications to control the virus such that he currently has an undetectable viral load.  (Def.'s BOP Medical Records, attached as Ex. 1 to Gov't Opp. at p. 8, ECF No. 203).

Defendant was transferred from Federal Medical Center Devens to Federal Correctional Institute Butner in February 2021.  (Id. at pp. 2-3).  The medical staff at Butner altered Defendant's HIV medication and Defendant reported that it was "much better because it has NO side effects at all." (Id. at p. 9).

Although Defendant suffers from a chronic disease, Defendant is receiving medication and ongoing treatment to address his medical issues.  Chronic conditions that can be managed in prisons are not a sufficient basis for compassionate release.  United States v. Kazanowski, Crim. No. 15-00459 DKW-

6

05, 2020 WL 3578310, *9 (D. Haw. July 1, 2020) (citing U.S.S.G. § 1B1.13 cmt. n.1(A)); United States v. Weidenhamer, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019).

**B.   Defendant Warner Was Already Diagnosed With And Is Fully Recovered From COVID-19**

In its June 30, 2021 Order, the Ninth Circuit Court of Appeals instructed the District Court on remand to reassess Defendant's Motion for Compassionate Release and to consider Defendant's "new allegation that he has since contracted COVID-19." (ECF No. 169).

The fact that Defendant has already contracted COVID-19 counsels against a finding of extraordinary and compelling circumstances to warrant granting immediate release. United States v. Ofa, Crim. No. 17-00145 JMS-01, 2020 WL 4496497, *2-*3 (D. Haw. Aug. 4, 2020). Defendant's medical records reflect that Defendant Warner experienced no symptoms and felt well when he contracted COVID-19. (Def.'s BOP Medical Records at pp. 1-4, attached as Ex. 1 to Gov't Opp., ECF No. 203).

Numerous courts have concluded that the dangers associated with COVID-19 are not a ground for relief for someone who already had the disease and recovered. United States v. Molley, Crim. No. 15-0254 JCC, 2020 WL 3498482, *2 (W.D. Wash. June 29, 2020); United States v. Zubkov, 460 F.Supp.3d 450, 455 (S.D.N.Y. May 18, 2020).

Defendant Warner's general concerns about potential

exposure to COVID-19 while incarcerated, after he already contracted and fully recovered from the virus, do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence.  United States v. Sanchez, 2021 WL 3409186, *2 (D. Haw. Aug. 4, 2021); United States v. Eberhart, 448 F.Supp.3d 1086, 1089-90 (N.D. Cal. Mar. 25, 2020).

**C.   Defendant Warner Has Been Vaccinated For COVID-19**

In April 2021, Defendant received two doses of the Pfizer-BioNTech vaccine against COVID-19 while in Bureau of Prisons custody.  (Def.'s BOP Medical Records at p. 5, attached as Ex. 1 to Gov't Opp., ECF No. 203).

Defendant's risk of symptomatic re-infection is greatly diminished and counsels against a finding of extraordinary and compelling reasons to grant compassionate release.  Many courts have found that a vaccinated prisoner's risk of contracting COVID-19 does not rise to the level of an extraordinary and compelling reason, even in the presence of underlying health conditions.  United States v. Hayes, 2021 WL 2533517, *3 (D. Idaho June 21, 2021).

In United States v. Ballenger, 2021 WL 308814, *5 (W.D. Wash. Jan. 29, 2021), the District Court found the defendant's chronic medical conditions did not amount to an extraordinary and compelling reason for compassionate release because the defendant had already been infected and vaccinated against

COVID-19.

The Centers for Disease Control has recently explained that:

> Currently approved or authorized COVID-19 vaccines protect people from getting infected and severely ill, and significantly reduce the likelihood of hospitalization and death.  Fully vaccinated people are less likely to become infected and, if infected, to develop symptoms of COVID-19 compared with unvaccinated people. Even when fully vaccinated people develop symptoms, they have less severe symptoms than in unvaccinated people. This means they are much less likely to be hospitalized or die than people who are not vaccinated. However, people who get vaccine breakthrough infections can be contagious and spread the virus to others.

Interim Public Health Recommendations for Fully Vaccinated People, Centers for Disease Control, https://www.cdc.gov/ coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html (last visited Dec. 21, 2021).

Defendant's claim that he may contract COVID-19 again and suffer serious complications is speculative and contrary to information provided by the Centers for Disease Control.  Id.

Defendant's risk of contracting COVID-19 for a second time is minimal given both his prior infection with COVID-19 and his vaccinations against COVID-19.  Sanchez, 2021 WL 3409186, at *5.

### D.   Section 3553(a) Factors Do Not Support Compassionate Release

In order to be eligible for compassionate release, Defendant must establish release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. §

3582(c)(1)(A).

The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.

Defendant Warner participated in a drug conspiracy to distribute large quantities of high purity crystal methamphetamine in Hawaii.  (Presentence Report at ¶¶ 11-23, ECF No. 26).  A search of Defendant's residence and storage locker recovered 1,639.7 grams of highly pure methamphetamine, drug paraphernalia, and several firearms including a Smith and Wesson revolver, a Sig Sauer handgun, a Hi-Standard revolver, a Ruger revolver, ammunition, and a holster.  (Id. at ¶ 20).

At sentencing, Defendant was found to be a career offender because of his extensive criminal history and his two prior convictions for crimes of violence.  (Id. at ¶ 39).  Due to his career offender status, Defendant was in Criminal History Category VI at the time of sentencing, the highest possible category.  (Id. at ¶ 83).

Defendant's Presentence Investigation Report reflects a long history of involvement with the criminal justice system and in drug trafficking.  Defendant has convictions from Massachusetts, Connecticut, New Jersey, Rhode Island, New Hampshire, California, and Hawaii.  (Presentence Report at ¶¶ 45-80, ECF No. 26).

At sentencing for the conviction for which Defendant is currently incarcerated, Defendant's sentencing guidelines were

262 to 327 months with a mandatory minimum sentence of 240. (Id. at ¶ 163).  The Defendant and the Government entered into a plea agreement.  The Court granted a downward departure based on Defendant's cooperation, and Defendant was sentenced significantly below the recommended guidelines and the 240-month mandatory minimum and he was sentenced to 120-months imprisonment.

At his March 12, 2015 sentencing, Defendant was ordered to self-surrender to serve his term of imprisonment on May 26, 2015.  (ECF No. 27).  Defendant was permitted to travel to the mainland, but Defendant absconded and did not return to Hawaii.

Defendant remained a fugitive for nearly a year.  In June 2016, Defendant was returned to Hawaii and he began serving his 120-month sentence.  (Minutes from June 14, 2016 hearing, ECF No. 48).

The Court finds that compassionate release is not appropriate given the totality of the circumstances and the Section 3553(a) factors.  Defendant's 120-month sentence is appropriate and does not warrant reduction.

//

//

//

//

//

//

//

## **CONCLUSION**

Defendant's Motion To Reduce Sentence Under The First Step Act (ECF No. 131) and Defendant's Supplemental Motion on Remand (ECF No. 170) are **DENIED**.

IT IS SO ORDERED.

Dated: December 21, 2021, Honolulu, Hawaii.



Helen Gillmor
United States District Judge

United States v. Luke Warner, aka "Lucky", Crim. No. 14-00688 HG-01; **ORDER DENYING DEFENDANT LUKE WARNER'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT (COMPASSIONATE RELEASE) (ECF No. 131) AND DENYING DEFENDANT'S SUPPLEMENTAL MOTION FOR COMPASSIONATE RELEASE ON REMAND (ECF No. 170)**

12